**NOT FOR PUBLICATION**

OCT 14 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30319 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00056-SEH-2 |
| v. | |
| AMBER MARIE BEAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted September 1, 2011
Missoula, Montana

Before: O'CONNOR, Associate Justice,[**] REINHARDT and THOMAS, Circuit
Judges.

Amber Bear appeals from her convictions for violations of 21 U.S.C. § 846

and § 846(a)(1) after entry of a conditional guilty plea. We affirm. Because the

parties are familiar with the history of this case, we need not recount it here.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Sandra Day O'Connor, Associate Justice for the
Supreme Court (Ret.), sitting by designation.

The sole issue raised in this appeal is whether the district court erred in denying Bear's motion to suppress evidence seized from a post-arrest search at a tribal detention facility.[1] She was searched after an officer observed her on a closed-circuit monitor twice reaching into her co-defendant's bra and pulling an object out. She was taken by female officers to a private space, where she was asked to remove her clothes, and then squat and cough. At that point, a small, white packet dropped from her body. Later testing demonstrated that the packet contained methamphetamine. A subsequent body cavity search produced a green, leafy substance, which did not form the basis of the prosecution.

Reasonable suspicion justifies the use of visual body cavity searches. *Bell v. Wolfish*, 441 U.S. 520, 559-60 (1979). Bear was arrested for a drug offense and was observed to take a concealed packet from a co-defendant at the detention center. Thus, the visual body cavity search was justified by reasonable suspicion. The discovery of the contraband during the visual body cavity search justified the subsequent digital body cavity search.

**AFFIRMED.**

---

[1] At oral argument, defense counsel asserted that she was also raising issues pertaining to the constitutionality of the search of Amber's co-defendant's purse at the initial traffic stop. However, she did not distinctly raise and argue that issue on appeal, and it is therefore waived. *Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).